UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| Tim Pairsh, | ) Case No. 1:11-cv-00395-WDS-LFG |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| NCO Financial Systems, Inc., | ) |
| | ) |
| Defendant. | ) |

## ANSWER OF DEFENDANT NCO FINANCIAL SYSTEMS, INC. TO PLAINTIFF TIM PAIRSH'S COMPLAINT

Defendant NCO Financial Systems, Inc., (hereinafter "Defendant" or "NCO") appearing for itself and no others, hereby answers ("Answer") the Complaint ("Complaint") of Plaintiff Tim Pairsh, as follows:

## NATURE OF THE ACTION

1.      Defendant NCO avers that the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* and the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. §227 speaks for themselves. NCO denies any and all liability, wrongdoing and damages to the extent alleged in ¶ 1. Except as expressly admitted, NCO denies the remaining allegations in ¶ 1.

## JURISDICTION AND VENUE

2.      Defendant NCO admits to the allegations contained in ¶ 2 for jurisdiction purposes only. NCO avers that the referenced statutes are the best evidence of the statutes' content and refers all matters of law to the Court. Except as expressly admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 2, and on that basis denies the same.

1

3.      Defendant NCO admits to the allegations contained in ¶ 3 for venue purposes only. NCO avers that the referenced statute is the best evidence of its content and refers all matters of law to the Court. Except as expressly admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 3, and on that basis denies the same.

## PARTIES

4.      Defendant NCO lacks sufficient information to answer the allegations contained in ¶ 4, and on that basis denies the same.

5.      Defendant NCO avers the allegation contained in ¶ 5 that Plaintiff is a "consumer" as defined by the FDCPA is a legal conclusion which does not require an admission or denial. NCO refers all matters of law to the court. Except as expressly admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 5, and on that basis denies the same.

6.      Defendant NCO admits that it is a corporation and that NCO uses the instrumentalities of interstate commerce and the mail in the ordinary course of its business. Defendant NCO avers the allegation contained in ¶ 6 that NCO was attempting to collect a "debt" as that term is defined by statute, is a legal conclusion which does not require an admission or denial.  NCO refers all matters of law to the court.  Except as expressly admitted, NCO denies the remaining allegations contained in ¶ 6.

7.      Defendant NCO avers the allegation contained in ¶ 7 that NCO is a "debt collector" as that term is defined by statute, is a legal conclusion which does not require an admission or denial.  NCO refers all matters of law to the court.  Except as expressly admitted, NCO denies the remaining allegations contained in ¶ 7.

## **FACTUAL ALLEGATIONS**

8.      Defendant NCO lacks sufficient information to answer the allegations contained in ¶ 8, and on that basis denies the same.

9.      Defendant NCO lacks sufficient information to answer the allegations contained in ¶ 9, and on that basis denies the same.

10.     Defendant NCO uses the instrumentalities of interstate commerce and the mail in the ordinary course of its business.  Defendant NCO further admits it engages in the business of debt collection and that its principal business is debt collection related services.   Except as expressly admitted, NCO denies the remaining allegations contained in ¶ 10.

11.     Defendant NCO admits its records indicate that an account identifying Plaintiff as the account holder was placed with it for collection and that NCO undertook lawful efforts to collect on the account.  Except as expressly admitted, NCO denies the remaining allegations in ¶ 11.

12.     Defendant NCO admits its records indicate that an account identifying Plaintiff as the account holder was placed with it for collection and that NCO undertook lawful efforts to collect on the account.  Except as expressly admitted, NCO denies the remaining allegations in ¶ 12.

13.     Defendant NCO admits that its records reflect receipt of written correspondence from Plaintiff on or about February 1, 2011 regarding an account place with NCO for collection. Defendant NCO avers that reference to the written correspondence is the best evidence of its content. Except as expressly admitted, NCO lacks sufficient information to answer the allegations contained in ¶ 13, and on that basis denies the same.

14.     Defendant NCO denies the allegations contained in ¶ 14.

15.     Defendant NCO denies the allegations contained in ¶ 15.

**COUNT I:**

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

16.     Defendant NCO incorporates its responses to paragraphs 1 through 15 as though fully set forth herein.

17.     Defendant NCO denies the allegations contained in ¶ 17.

In response to the paragraph beginning WHEREFORE:

a)     Defendant NCO admits that Plaintiff purports to seek redress for alleged violations of the FDCPA in ¶ a), but denies any and all liability and/or wrongdoing, and denies Plaintiff has been damaged and is entitled to the requested relief.

b)     Defendant NCO admits that Plaintiff purports to seek redress for alleged violations of the FDCPA in ¶ b), but denies any and all liability and/or wrongdoing, and denies Plaintiff has been damaged and is entitled to the requested relief.

c)     Defendant NCO admits that Plaintiff purports to seek redress for alleged violations of the FDCPA in ¶ c), but denies any and all liability and/or wrongdoing, and denies Plaintiff has been damaged and is entitled to the requested relief.

d)     Defendant NCO admits that Plaintiff purports to seek redress for alleged violations of the FDCPA in ¶ d), but denies any and all liability and/or wrongdoing, and denies Plaintiff has been damaged and is entitled to the requested relief.

e)      Defendant NCO admits that Plaintiff purports to seek redress for alleged violations of the FDCPA in ¶ e), but denies any and all liability and/or wrongdoing, and denies Plaintiff has been damaged and is entitled to the requested relief.

f)      Defendant NCO admits that Plaintiff purports to seek redress for alleged violations of the FDCPA in ¶ f), but denies any and all liability and/or wrongdoing, and denies Plaintiff has been damaged and is entitled to the requested relief.

## COUNT II:

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

18.     Defendant NCO incorporates its responses to paragraphs 1 through 17 as though fully set forth herein.

19.     Defendant NCO denies the allegations contained in ¶ 19.

In response to the paragraph beginning WHEREFORE:

a)      Defendant NCO admits that Plaintiff purports to seek redress for alleged violations of the TCPA in ¶ a), but denies any and all liability and/or wrongdoing, and denies Plaintiff has been damaged and is entitled to the requested relief.

b)      Defendant NCO admits that Plaintiff purports to seek redress for alleged violations of the TCPA in ¶ b), but denies any and all liability and/or wrongdoing, and denies Plaintiff has been damaged and is entitled to the requested relief.

c)      Defendant NCO admits that Plaintiff purports to seek redress for alleged violations of the TCPA in ¶ c), but denies any and all liability and/or wrongdoing, and denies Plaintiff has been damaged and is entitled to the requested relief.

d)     Defendant NCO admits that Plaintiff purports to seek redress for alleged violations of the TCPA in ¶ d), but denies any and all liability and/or wrongdoing, and denies Plaintiff has been damaged and is entitled to the requested relief.

e)     Defendant NCO admits that Plaintiff purports to seek redress for alleged violations of the TCPA in ¶ e), but denies any and all liability and/or wrongdoing, and denies Plaintiff has been damaged and is entitled to the requested relief.

f)     Defendant NCO admits that Plaintiff purports to seek redress for alleged violations of the TCPA in ¶ f), but denies any and all liability and/or wrongdoing, and denies Plaintiff has been damaged and is entitled to the requested relief.

## DEMAND FOR JURY TRIAL

Defendant NCO admits that Plaintiff makes a demand for a jury trial in his Complaint.

AND NOW, in further answer to the Complaint, NCO avers as follows:

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a first affirmative defense, Defendant NCO alleges that Plaintiff's Complaint should be dismissed because the various causes of action fail to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a second affirmative defense, Defendant NCO alleges, pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such violation.

### THIRD AFFIRMATIVE DEFENSE

As a third affirmative defense, Defendant NCO alleges that Plaintiff consented to and/or invited the conduct for which he seeks relief.

### FOURTH AFFIRMATIVE DEFENSE

As a fourth affirmative defense, Defendant NCO alleges that Plaintiff knowingly and voluntarily waived her rights to obtain any or all of the relief sought in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

As a fifth affirmative defense Defendant NCO alleges that Plaintiff has failed to mitigate his damages, if any, and has failed to exercise due diligence in an effort to mitigate his damage, and to the extend of such failure to mitigate, any damages awarded to Plaintiff should be reduced accordingly.

### SIXTH AFFIRMATIVE DEFENSE

As a sixth affirmative defense, Defendant NCO states that it currently has insufficient information upon which to form a belief as to whether it has additional affirmative defenses available. Defendant NCO reserves its right to assert additional affirmative defenses in the event investigation and discovery indicate they would be appropriate.

WHEREFORE, Defendant NCO respectfully requests that:

1.     Plaintiff take nothing by way of this Complaint;

2.     Judgment of dismissal be entered in favor of Defendant NCO;

3.     Defendant NCO be awarded costs and attorney's fees it has incurred in defending this lawsuit;

4.     Defendant NCO be granted such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/Nathan H. Mann*_____
Nathan H. Mann
Gallagher, Casados & Mann, P.C.
317 Commercial NE, 2nd Floor
Albuquerque, NM  87102
Telephone:  (505) 243-7848
Email:  nmann@gcmlegal.com

*Counsel for Defendant NCO Financial Systems, Inc.*

This will certify that the foregoing pleading was filed electronically through the CM/ECF system, which caused a copy of same to be served by electronic means to counsel of record, as follows:

Larry Leshin, Esq.
Weisberg & Meyers, LLC
1216 Indiana St., N.E.
Albuquerque, New Mexico 87110
E-mail:  llleshin@msn.com

this 9th day of June, 2011.

**GALLAGHER CASADOS & MANN, P.C.**

By:  */s/Nathan H. Mann*_____
     Nathan H. Mann